# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

LEE DIXON SCOTT, III,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA; JUDITH SMITH; DONNA M. ALVARDO; JOHN D. CORRENTI; ROBERT J. DENNIS; MARK A. EMKES; DAMON HINNINGER; C. MICHAEL JACOBI; ANNE L. MARIUCCI; THURGOOD MARSHALL, JR.; JOHN R. PRANN, JR.; JOSEPH V. RUSSELL; JOHN D. FERGUSON; COFFEE COUNTY, GEORGIA; CITY OF NICHOLS, GEORGIA; and GEORGIA DEPARTMENT OF CORRECTIONS CHAPLAIN,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-83

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia, has filed this action against Corrections Corporation of America as well as several other Defendants. (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion to Proceed in Forma Pauperis. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. After review, Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. It is my **RECOMMENDATION** that Plaintiff's Complaint, be **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g), and that Plaintiff be **DENIED** *in forma pauperis* status on appeal.

**PLAINTIFF'S ALLEGATIONS**

On October 19, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") contesting certain conditions of his confinement while housed at Coffee Correctional Facility. (Doc. 1, pp. 2–3.) Specifically, Plaintiff contends that Defendants have substantially burdened and interfered with his religious exercises.

**DISCUSSION**

**I.  Dismissal of Plaintiff's Complaint Pursuant to Section 1915(g)**

A prisoner such as Plaintiff attempting to proceed in forma papueris in a civil action in federal court must comply with the mandates of the PLRA. Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit explained that "[t]his provision of the PLRA, 'commonly known as the 'three strikes' provision,' requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (quoting Lyon v. Krol, 127 F.3d 763, 764 (8th Cir.1997)).[1] Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process", which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under Section 1915(g). See Rivera, 144 F.3d at 723 (dismissal for failure to disclose prior litigation is "precisely the type of strike that Congress envisioned

---

[1] The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

2

when drafting section 1915(g)"); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under Section 1915(g):

1) Scott v. Norcross Police Dep't, et al., Order, 1:12-cv-3593 (N.D. Ga. Feb. 21, 2013), ECF No. 8 (dismissal for failure to state a claim);

2) Scott v. Conway, et al., Order, 1:12-cv-3582 (N.D. Ga. Feb. 22, 2013), ECF No. 10 (dismissal for failure to state a claim);

3) Scott v. Frazier, et al., Order, 3:13-cv-56 (S.D. Ga. Oct. 31, 2013), ECF No. 35 (dismissal as sanction for failure to truthfully disclose litigation history); and

4) Scott v. Smith, et al., Order, 5:13-cv-114 (S.D. Ga. Dec. 19, 2013), ECF No. 4 (dismissal for failure to follow court order regarding prosecution of case).

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g). "In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in

3

serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). Moreover, a harm that has already occurred or danger that has now passed cannot justify skirting the three strike bar. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir.1999) ("prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."); see also Abdul–Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Plaintiff should not be excused from prepaying the filing fee because of the imminent danger of serious physical injury. His Complaint makes no allegation that Defendants' alleged actions pose a risk of physical danger. See Charest v. Jones, No. 2:12-CV-428-MEF, 2012 WL 2674616, at *1 (M.D. Ala. June 1, 2012), *report and recommendation adopted* No. 2:12CV428-MEF, 2012 WL 2590692 (M.D. Ala. July 5, 2012) (claim of violation of religious rights does not invoke exception to three strikes provision); Jensen v. Knowles, 621 F. Supp.2d 921, 927–928 (E.D .Cal. 2008) (claim that prisoner's religious books were withheld from him in violation of

the First Amendment did not qualify him for the imminent danger exception as the defendants' actions did not place plaintiff in serious physical danger.).

Therefore, Section 1915(g) bars Plaintiff from proceeding *in forma pauperis* in this case. Should Plaintiff choose to prosecute these claims while incarcerated, he must bring a separate action and pay the full filing fee.[2]

## II. Leave to Appeal in Forma Pauperis

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or

---

[2] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. Of Elec. Workers Local Union, 349, 262 Fed. Appx. 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[3] A certificate of appealablity is not required in this Section 1983 action.

argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. 28 U.S.C. § 1915(g). Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. I **RECOMMEND** Plaintiff's Complaint be **DISMISSED**, without prejudice. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal in forma pauperis.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED**, this 18th day of November, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA